UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HENRY SYSWERDA,                )
                Plaintiff,        )
                                     )   No. 1:20-cv-471
-v-                                  )
                                     )   Honorable Paul L. Maloney
STEVEN MNUCHIN, *et al.*,            )
                Defendants.       )
                                     )

## ORDER DENYING PLAINTIFF'S MOTION TO DENY DEFENDANTS' MOTION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff David Syswerda filed tax returns in 2014 and 2015 showing that he did not have any taxable income during those years. The Internal Revenue Service disagreed with Plaintiff and assessed taxes and penalties. Plaintiff, proceeding without counsel, filed this lawsuit. He seeks an injunction and damages.

Defendants filed a motion to dismiss. (ECF No. 12.) Plaintiff then filed a motion asking the Court to deny Defendants' motion. (ECF No. 16.) This Court will deny Plaintiff's motion and will grant Defendants' motion. This Court lacks jurisdiction over Plaintiff's claims and must dismiss this lawsuit without prejudice.

I.

Plaintiff filed a first amended complaint, which functions as the controlling pleading. (ECF No. 6 Compl.) Plaintiff explains that the Internal Revenue Code "only applies to taxable events of 'PERSONS' within that scope, while all of Plaintiff's activities for those two years named above were labor exchanges of value for value with no privileged connection to the Federal Government." (PageID.63.)

Defendants filed a motion to dismiss, relying on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 12.) Defendants argue that, under the Anti-Injunction Act (AIA), this Court lacks jurisdiction over claims that seek relief from the assessment or collection of a tax. Defendants also argue that Plaintiff has not exhausted his administrative remedies and, therefore, he cannot succeed in any lawsuit for damages.

II.

Plaintiff filed a motion asking the Court to deny Defendants' motion. (ECF No. 16.) Plaintiff asserts that granting Defendants' motion would be a miscarriage of justice. Plaintiff then advances some history of the dispute and contends he has a meritorious claim. This Court must liberally construe the pleadings and other filings of pro se parties. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

Rule 12 of the Federal Rules of Civil Procedure authorizes Defendants to file their motion. Plaintiff disputes the merits of the motion; he does not raise concerns about procedural unfairness. The Court declines to strike Defendants' motion for any procedural deficiency. When addressing a motion on the merits, parties ordinarily file a response and, the Court will evaluate the arguments raised by the two parties. Accordingly, the Court **DENIES** Plaintiff's motion (ECF No. 16) to deny Defendants' motion. The Court will consider the arguments raised in Plaintiff's motion as part of his response to Defendants' motion.

### III.

When challenged by a motion filed under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *EEOC v. Hosanna-Tabor Evangelical Lutheran Church and Sch.*, 597 F.3d 769, 776 (6th Cir. 2010) (citing *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 225 (6th Cir. 2007)). A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may take the form of a facial challenge, which tests the sufficiency of the pleading, or a factual challenge, which contests the factual predicate for jurisdiction. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 890-91 (3d Cir. 1977)); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In a facial attack, the court accepts as true all the allegations in the complaint, similar to the standard for a Rule 12(b)(6) motion. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In a factual attack, the allegations in the complaint are not afforded a presumption of truthfulness and the district court weighs competing evidence to determine whether subject matter jurisdiction exists. *Id.*

Neither party asserts a choice, whether the Court should evaluate Defendants' challenge as either a facial attack or a factual one. Both parties assert and rely on documents not included in the pleadings. The Court analyzes Defendants' motion as a factual attack.

### IV.

#### A. Individual Capacity Claims

Plaintiff sued both individuals and governmental entities. Plaintiff does not state whether he sues the individual defendants in their official capacities or in their individual capacities.

The Court concludes that any claim brought against the individual defendants in their individual capacities must be dismissed. Lawsuits for the refund of taxes can only be brought against the United States and not against any individual officer or employee. 26 U.S.C. § 7422(c) and (f)(1); *Dunlap v. Lew*, No. 16-3658, 2017 WL 9496075, at *3 (6th Cir. June 2, 2017) (unreported). Furthermore, Plaintiff has not alleged that any of the individual defendants acted outside the scope of their official duties.

## B. Anti-Injunction Act

The AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The Sixth Circuit has found that federal district courts lack subject matter jurisdiction over lawsuits seeking to enjoin the assessment or collection of taxes. *CIC Servs., LLC v. Internal Revenue Serv.*, 925 F.3d 247, 259 (6th Cir. 2019), *cert. granted*, No. 19-930, 2020 WL 2105208 (U.S. May 4, 2020); *Torp v. United States*, No. 18-2114, 2019 WL 3402472, at *1 (6th Cir. July 3, 2019) (unreported); *Lutz v. United States*, 919 F.2d 738 (6th Cir. Dec. 6, 1990) (unreported); *Bouquett v. United States*, 142 F.3d 432 (6th Cir. Feb. 10, 1998) (unpublished table opinion). Limited exceptions to the AIA exist, none of which are present here.

The Government has established that the AIA prevents this Court from exercising jurisdiction over Plaintiff's lawsuit. Reading his response indulgently, Plaintiff might raise the

4

exception outlined in *Enochs v. Williams Packing & Navig. Co.*, 370 U.S. 1 (1962), which requires the plaintiff to show (1) that the Government could not prevail under any circumstances and (2) equity jurisdiction otherwise exists. *Gaetano v. United States*, 942 F.3d 727, 732 (6th Cir. 2019). For the second requirement, Plaintiff would have to establish that he has no remedy at law. *Id.* at 734. To the extent Plaintiff contends that the tax assessment and subsequent (and ongoing) collection of taxes is improper, Plaintiff can request a hearing and may petition the Tax Court for review after a hearing, *see* 26 U.S.C. § 6330, and can then seek an appeal in the appropriate United States Court of Appeals, *see* 26 U.S.C. § 7482. *Gulden v. United States*, 287 F. App'x 813, 817 (11th Cir. 2008). Plaintiff has not established that he has no adequate remedy at law.

### C. Damages

As a prerequisite for suing the United States in federal court for the recovery of any internal revenue tax or penalty, the taxpayer (1) must submit a claim with the Internal Revenue Service and (2) must have paid the full tax liability. *Dunlap*, 2017 WL 9496075, at *2 (citing *Flora v. United States*, 357 U.S. 63, 75-76 (1958)); *see Bouquett*, 142 F.3d 432 (citing *Flora* and *Martin v. Comm'r*, 753 F.2d 1358, 1360 (6th Cir. 1985)).

Even assuming that this Court has jurisdiction, the Court could not provide Plaintiff with the damage relief he seeks. Plaintiff has not established that he has complied with the administrative requirements for bringing a claim for recovery of the taxes and penalties collected by the IRS.

V.

For the reasons provided above, the Court **GRANTS** Defendants' motion to dismiss. (ECF No. 12.) The Court concludes it lacks subject matter jurisdiction over the lawsuit. Accordingly, Plaintiffs' claims are dismissed without prejudice. **IT IS SO ORDERED.**

Date: October 23, 2020                             /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge